Filed 8/9/13  P. v. Brown CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062802 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD239027) |
| DIANNE RENEE BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Leo Valentine, Jr., Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

Dianne Renee Brown was charged with numerous offenses based on a

scheme in which she recorded quit claim and grant deeds on 31 properties.  She

then removed realtor signs and lockboxes, rekeyed the locks and rented some of the

properties through a fictitious business. She pleaded guilty to one count of burglary, three counts of filing a false instrument and one count of rent skimming. The plea agreement provided that the balance of the charges would be dismissed, Brown would receive probation with credit for time served on or after August 27, 2012, she would receive an additional 70 days in custody at that time, and the total sentence "was to be determined." She also agreed to several special probation conditions.

At the August 27, 2012 hearing, the trial court continued the matter to allow Brown time to determine whether she would be retaining new counsel and filing a motion to withdraw her plea. (All further date references are to 2012.) On September 20, the court received Brown's motion to withdraw or set aside her plea. At the subsequent sentencing hearing, retained counsel appeared for Brown. When Brown indicated that she wanted to relieve her retained counsel, the court explained that he had never been substituted into the case and that her appointed counsel remained counsel of record. The court heard from Brown and her appointed counsel, including whether appointed counsel could continue to represent Brown. The court eventually indicated that Brown's motion to withdraw her plea lacked merit. After additional discourse with Brown and her appointed counsel, appointed counsel announced he was ready for the court to proceed with sentencing.

The trial court ordered imposition of sentence suspended, and granted Brown probation for three years. It ordered her to serve 332 days in custody with credit for

2

192 days, and imposed various fines and fees. The court later ordered Brown to report to work furlough. Brown timely appealed and filed a certificate of probable cause. The court denied Brown's request for a certificate of probable cause. Appellate counsel then filed an amended notice of appeal.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), she listed as possible but not arguable issues, whether (1) Brown was properly advised of her constitutional rights and whether she waived them before pleading guilty, (2) the court abused its discretion when it denied Brown's motion to withdraw her plea, (3) the guilty plea is invalid due to ineffective assistance of counsel, (4) the court improperly denied Brown's request to represent herself at sentencing, and (5) the court erred in making Brown's appointed counsel remain attorney of record at sentencing. We granted Brown permission to file a brief on her own behalf. She has not responded.

Our review of the record pursuant to *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Brown on this appeal.

3

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.